IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN C. NIMMER,<br><br>          Plaintiff,<br><br>vs.<br><br>HON. MICHAEL G. HEAVICAN,<br>HON. STEPHANIE F. STACY,<br>HON. LINDSEY MILLER-LERMAN,<br>HON. WILLIAM B. CASSEL,<br>HON. JONATHAN J. PAPIK,<br>HON. JEFFREY J. FUNKE,<br>HON. JOHN R. FREUDENBERG,<br>and MARK A WEBER, in their<br>official capacities,<br><br>          Defendants. | 4:18-CV-3123<br><br>MEMORANDUM AND ORDER |

The plaintiff alleges a claim pursuant to 42 U.S.C. § 1983 "to address deprivation, under color of state law, of rights, privileges, and immunities secured to Plaintiff by the Constitution." Filing 1 at 5. The defendants move for dismissal alleging a lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), and that plaintiff failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the Court will grant the defendants' motion regarding a lack of subject matter jurisdiction.

I. STANDARD OF REVIEW

A motion pursuant to Rule 12(b)(1) challenges whether the court has subject matter jurisdiction. The party asserting subject matter jurisdiction bears the burden of proof. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d

985, 988 (8th Cir. 2010). The court has "substantial" authority to determine whether it has jurisdiction. *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).

A court deciding a motion under Rule 12(b)(1) must distinguish between a "facial attack'" and a "factual attack." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015). In a facial attack, the Court merely needs to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction. *Id.* Accordingly, the Court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)—that is, the Court accepts all factual allegations in the pleadings as true and views them in the light most favorable to the nonmoving party. *Id.*; *Hastings v. Wilson*, 516 F.3d 1055, 1058 (8th Cir. 2008). This case presents a facial attack to subject matter jurisdiction.

## II. BACKGROUND

The plaintiff was an attorney duly licensed to practice law in Nebraska between September 17, 1993 and August 31, 2018. Filing 1 at 8. On February 1, 2017, defendant Mark Weber, the Counsel for Discipline for the Nebraska Supreme Court, filed formal charges against the plaintiff for violation of the Nebraska Rules of Professional Conduct and violation of his oath of office. *State ex rel. Counsel for Discipline of the Nebraska Supreme Court v. Nimmer*, 916 N.W.2d 732, 738 (Neb. 2018).[1] The United States Securities and Exchange Commission had notified Weber's office of possible professional misconduct by

---

[1] Pursuant to the plaintiff's request, the Court takes judicial notice of the Nebraska Supreme Court's published decision (filing 1 at 7) and relies on the same for the Court's background.

the plaintiff after reviewing his client trust account records in the course of an investigation unrelated to the plaintiff's conduct. *Id.* at 739. After reviewing the plaintiff's trust account records and asking him for an explanation of perceived trust account violations,[2] Weber's office concluded there were reasonable grounds for discipline and began the process that led to the filing of formal charges. *Id.*

The plaintiff appeared pro se throughout the proceedings. He twice filed motions to dismiss the formal charges, which were overruled by the Supreme Court. *Id.* at 740-41. The basis for the plaintiff's first motion was that there was a separation of powers violation due to the fact that the Office of the Counsel for Discipline was under the direct supervision of the Supreme Court, and because of this relationship, he was being denied "constitutional due process." *Id.*

The plaintiff also filed a motion to recuse Weber's office. That motion was overruled, but the Supreme Court considered it prudent to appoint a special prosecutor to replace Weber's office, and did so on its own motion. *Id.* The appointed referee conducted an evidentiary hearing and authored a report regarding the referee's findings of fact. The referee concluded there was clear and convincing evidence the plaintiff violated the Rules of Professional Conduct and his oath of office. The referee recommended that the plaintiff should be suspended from the practice of law for one year and upon reinstatement he should be placed on probation for two years under the supervision of a licensed Nebraska attorney. *Id.* at 741-43.

---

[2] The plaintiff declined to respond to Weber's request for an explanation regarding what appeared to be checks written on his client trust account that did not appear to be client-related, or explain a $10,000 check from his mother that was deposited into his client trust account but identified as a loan. *Id.* at 739.

3

The plaintiff filed written exceptions to nearly every aspect of the referee's report. The plaintiff's brief also assigned error to the denial of his pre-hearing motions to dismiss. The Supreme Court construed the plaintiff's assignment as to his motions to dismiss as a request for reconsideration, which it declined to accept. *Id.* at 743-44. The Supreme Court conducted a de novo review of the disciplinary hearing record and agreed with the referee's factual findings that the plaintiff violated the Rules of Professional Conduct and his oath of office. *Id.* at 745-46. The Supreme Court disagreed with the referee's recommended sanction, and instead, found that disbarment was appropriate for the plaintiff's misconduct. 916 N.W.2d at 753. The Supreme Court filed its decision on August 31, 2018. Filing 1 at 7.

## III. DISCUSSION

### 1. COLLATERAL ATTACK ON THE STATE COURT PROCEEDING

The initial issue is whether this case is an impermissible attempt to appeal to federal district court from a final state court judgment. The plaintiff filed his federal court lawsuit on September 4, 2018. The plaintiff represented that he "intends to file a motion for rehearing" regarding the Supreme Court's decision and order of disbarment on or before September 20. Filing 1 at 8. The plaintiff argues that his Supreme Court matter is not final until after his intended motion for rehearing has been decided. Filing 13 at 3-4.

A federal district court is not a court of general jurisdiction and must be attentive to whether the jurisdictional requirements have been satisfied in all cases. *Temple v. Cleve Her Many Horses*, 163 F. Supp. 3d. 602, 615 (D. S.D. 2016); *Rock Island Millwork Co. v. Hedges-Gough Lumber Co.,* 337 F.2d 24, 26-27 (8th Cir. 1964). The absence of subject matter jurisdiction cannot be waived by the parties or ignored by this Court. *See Robins v. Ritchie,* 631 F.3d 919, 924 (8th Cir. 2011).

4

The defendants argue that the plaintiff's claims lack subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. Filing 10 at 6-10. *Rooker-Feldman* is confined to federal district court cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 283 (2005); *Shelby Cty. Health Care Corp. v. S. Farm Bureau Cas. Ins. Co.,* 855 F.3d 836, 840 (8th Cir. 2017). The plaintiff responds that *Rooker-Feldman* does not apply for the reason that his state court proceeding is not completed because he intends to file a motion for rehearing. Filing 13 at 3.

In support, the plaintiff relies on *Dornheim v. Sholes*, 430 F.3d 919 (8th Cir. 2005). In *Dornheim*, the plaintiff filed a civil rights lawsuit in federal court while a juvenile court matter, as well as a separate child custody matter, were pending in state court or on appeal to the North Dakota Supreme Court. 430 F.3d at 922. The Magistrate Judge dismissed the plaintiff's federal lawsuit for a lack of jurisdiction pursuant to *Rooker-Feldman*. That ruling was reversed on appeal for the reason that "the *Rooker-Feldman* doctrine precludes federal district court jurisdiction only if the federal suit is commenced after the state court proceedings have ended." 430 F.3d at 923.

Thus, the question for this Court is whether the plaintiff's state court disbarment proceeding has "ended" for the purposes of *Rooker-Feldman*. *See Exxon Mobil*, 544 U.S. at 291-92; *Federacion de Maestros de Puerto Rico v. Junta de Relaciones,* 410 F.3d 17, 24 (1st Cir. 2005). Relying on *Federacion de Maestros*, the *Dornheim* court concluded that state court proceedings have ended when the highest state court issues a final decision and that decision

becomes appealable to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *Dornheim*, 430 F.3d 924.

The plaintiff does not allege in his complaint, or argue in his briefing, that his disbarment judgment is not a final order of the state's highest court. Neither does he allege or argue that his disbarment judgment is not ripe for appeal to the United States Supreme Court pursuant to § 1257. The plaintiff only represents that his state court proceedings "are not concluded" because he "intends to file a motion for rehearing." Filing 1 at 8. But whether a state court matter has "concluded" does not determine the application of the *Rooker-Feldman* doctrine. For example, *Rooker-Feldman* would apply where a state court's final order adjudicates the issues a federal court plaintiff presents for federal court review, even though other matters remain to be litigated in state court.[3] *Federacion de Maestros*, 410 F.3d at 26.

A Nebraska Supreme Court decision is a final order and appealable to the United States Supreme Court on the date the decision is entered. Thus, the day the decision is entered is the point at which the litigation has ended for purposes of *Rooker-Feldman*. The availability of a discretionary grant for reconsideration or rehearing does not toll the period for taking an appeal to the United States Supreme Court.[4] "Simply labeling a pleading as a motion to reconsider or a motion for rehearing does not toll the time for filing an appeal."

---

[3] "[I]f the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated, then the state proceedings have 'ended' within the meaning of *Rooker-Feldman* on the federal questions at issue." *Federacion de Maestros*, 410 F.3d at 25.

[4] A timely filed motion for reconsideration may toll the time to file a petition for a writ of certiorari. Sup. Ct. R. 13(3). The mere availability of a discretionary grant for reconsideration, however, does not toll the time for filing a petition for a writ of certiorari.

6

*Breeden v. Nebraska Methodist Hosp.*, 598 N.W.2d 441, 444 (Neb. 1999). A motion for rehearing or reconsideration is an invitation to the court to consider "exercising its inherent power to vacate or modify its own judgment." *Id.* In the absence of an applicable rule to the contrary, a motion asking the court to exercise its inherent power to vacate or modify its own judgment does not terminate the time for taking an appeal. *Bryson L. v. Izabella L.*, 921 N.W.2d 829, 832 (Neb. 2019). There is no state court "rule to the contrary" that tolls or terminates the time for taking an appeal from a final judgment of the Nebraska Supreme Court. The applicable state court rule regarding a motion for rehearing is Neb. Ct. R. § 2-113(A), which provides that the timely filing of a motion for rehearing in the Court of Appeals tolls the time for filing a petition for further review. However, under Nebraska appellate court rules, no such tolling applies to an appeal from a final judgment of the Nebraska Supreme Court to the United States Supreme Court.

The plaintiff argues that because a mandate will not issue until a motion for rehearing has been acted upon pursuant to Neb. Ct. R. § 2-113(I), his state court disbarment proceeding has not ended until his motion for reconsideration is decided. Filing 13 at 4. But there is no rule or statute that tolls or terminates the taking of an appeal from a decision of the Nebraska Supreme Court until the issuance of the court's mandate.[5] The touchstone is whether the final decision of the highest state court is sufficiently final for United States Supreme Court review. "Put another way, if a state court decision is final enough that the Supreme Court *does* have jurisdiction over a direct appeal,

---

[5] Supreme Court rules expressly provide that the time for filing a petition for a writ of certiorari runs from the date of entry of a judgment or order sought to be reviewed and not from the issuance date of a mandate. Sup. Ct. R. 13(3).

7

then it is final enough that a lower federal court *does not* have jurisdiction over a collateral attack on that decision." *Federacion de Maestros*, 410 F.3d at 27.

The Nebraska Supreme Court entered its disbarment judgment on August 31, 2016. Accordingly, the plaintiff's state court proceedings were final and appealable to the United States Supreme Court as of August 31. *Id.* The plaintiff's federal complaint was filed on September 4, 2018—four days after his state court proceeding became final.[6] Under *Rooker-Feldman*, only the United States Supreme Court has jurisdiction to review a final order from a state's highest court. Accordingly, this Court would ordinarily lack subject matter jurisdiction over an attempt to appeal or relitigate a final order from the Nebraska Supreme Court. *See Robins v. Ritchie,* 631 F.3d 919, 925 (8th Cir. 2011); *Dodson v. Univ. of Ark. For Med. Scis.,* 601 F.3d 750, 754 (8th Cir. 2010).

The question then becomes whether the plaintiff's complaint represents an attempt to appeal or relitigate the disbarment judgment leveled by the Nebraska Supreme Court. The plaintiff alleges that his complaint represents an actual controversy because the disciplinary proceedings violated his right to due process. He asks this Court to take judicial notice of "all documents including the appellate record (transcript, bill of exceptions, and exhibits) in S17-111." Filing 1 at 7. Further, the plaintiff's prayer for relief requests this

---

[6] In fact, as of September 4, the plaintiff had not filed a motion for rehearing but reported that he intended to do so. Filing 1 at 8. Thus, even if a timely filed motion for rehearing tolls the time for filing an appeal to the United States Supreme Court, as of September 4, the plaintiff had not actually done so, and thereby had not actually tolled the time for filing an appeal. The party asserting subject matter jurisdiction bears the burden of proof. *Great Rivers Habitat Alliance v. FEMA,* 615 F.3d 985, 988 (8th Cir. 2010).

8

Court to order "immediate reinstatement of Plaintiff's Nebraska attorney license." Filing 1 at 17.

The matters the plaintiff identifies in his complaint as an actual controversy, together with his requested relief, plainly represent a collateral attack on the Nebraska Supreme Court's disbarment judgment. As such, the plaintiff's claim is barred by *Rooker-Feldman*. The plaintiff is admittedly a state court loser complaining of an injury caused by his state court disbarment judgment. That disbarment judgment was issued before the plaintiff commenced his federal court lawsuit, and invites this Court to review and reject the Nebraska Supreme Court's decision to revoke the plaintiff's license to practice law. There is no plausible basis to conclude that the plaintiff's claim is anything other than a collateral attack on his disbarment by Nebraska's highest court that was filed in federal court after the state court proceeding had ended.

The Court concludes that the plaintiff's complaint fails to sufficiently allege a plausible basis showing that this Court has subject matter jurisdiction regarding the plaintiff's challenges to the Nebraska Supreme Court's decision that resulted in plaintiff's disbarment.

### 2. FACIAL CONSTITUTIONAL VIOLATION

In addition to the plaintiff's claim of an actual controversy with respect to his disbarment, the plaintiff alleges a claim that purportedly is not dependent upon facts specific to the plaintiff. Filing 1 at 6. In this regard, the plaintiff alleges a facial constitutional challenge to the Nebraska Supreme Court's rules and procedures regarding the investigation and prosecution of complaints alleging attorney misconduct. The plaintiff asserts that the Supreme Court's rules and procedures violate the due process protections of

the Fourteenth Amendment to the United States Constitution. Filing 1 at 6. The plaintiff argues that due process and fundamental fairness require a separation of powers, and that in attorney discipline matters, the Nebraska Supreme Court acts as the sole governmental entity that investigates, prosecutes and adjudicates attorneys charged with rule violations. Filing 1 at 2. The plaintiff requests injunctive relief prohibiting the defendants "from conducting further investigations and prosecutions" with respect to the Supreme Court's rules regarding attorney misconduct. Filing 1 at 17.

Although this Court does not have subject matter jurisdiction to review the Nebraska Supreme Court's disbarment proceeding as it directly pertains to the plaintiff, it does have subject matter jurisdiction to consider a general challenge to the constitutionality of the Supreme Court's rules and procedures. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-83 (1983); *Mosby v. Ligon*, 418 F.3d 927, 932 (8th Cir. 2005). However, notwithstanding the existence of subject matter jurisdiction, this Court must also have, and the plaintiff must also demonstrate, Article III standing. *Mosby*, 418 F.3d at 932-33. Here, to demonstrate Article III standing the plaintiff must allege that he has suffered an injury in fact, that such injury was caused by the conduct of the Nebraska Supreme Court, and that his injury is likely to be redressed by a favorable ruling from this Court. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992); *Park v. Forest Service of the United States*, 205 F.3d 1034, 1037 (8th Cir. 2000). When the complaint seeks injunctive relief, the injury-in-fact element requires a showing that the plaintiff faces the threat of ongoing or future harm. *See Park,* 205 F.3d at 1037; *Mosby,* 418 F.3d at 933. Further, prudential limits on the exercise of federal court jurisdiction require that the plaintiff must assert his own legal rights and interests, and may not base his

10

claim for relief on the legal rights or interest of third parties. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Mosby*, 418 F.3d at 933.

The plaintiff has not alleged facts that demonstrate a plausible claim for Article III standing to assert a facial challenge to the Nebraska Supreme Court's rules and procedures concerning attorney discipline and the regulation of the legal profession in Nebraska. The plaintiff was disbarred. That judgment is not reviewable by this Court, and there is no allegation that the plaintiff's disbarment has been appealed to the United States Supreme Court. A disbarred Nebraska attorney may not apply for reinstatement prior to the expiration of five years after the final order of disbarment was entered. Neb. Ct. R. § 3-310(T). Accordingly, the plaintiff has not alleged facts showing a plausible claim that he personally would be subject to an ongoing threat or future harm that is concrete, particularized, actual or imminent. *See Turkish Coalition of America, Inc. v. Bruininks*, 678 F.3d 617, 621 (2012). Simply put, the plaintiff's facial challenge does not assert his own legal rights and interests. At best, the plaintiff complains of a future, hypothetical injury that may occur no sooner than five years in the future, but only if he is again admitted to the practice of law in Nebraska, and only if he again finds himself accused of violating the Nebraska Rules of Professional Conduct and oath of office. It is hard to imagine a more speculative claim without inventing one out of whole cloth.

The Court finds that the plaintiff failed to allege facts showing a plausible claim for Article III standing with respect to his facial challenge to the Nebraska Supreme Court's rules and procedures concerning the regulation of the legal profession.

IT IS ORDERED:

1. The defendants' motion to dismiss (filing 9) is granted.

2. The plaintiff's complaint is dismissed.

3. A separate judgment will be entered.

Dated this 6th day of June, 2019.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Chief United States District Judge